CHANCEY STEVENS, Respondent, v. E. H. OGDEN et al.,
Impleaded, etc., Appellants.

Under the Mechanics' Lien Law of 1885 (Chap. 342, Laws of 1885), the filing of the prescribed notice originates the lien, and until this is done the laborer or material man has no preferential right to be paid out of the sum due the contractor from the owner of the building. If, before notice is filed, the contractor assigns to a creditor in payment of his debt, the whole or any portion of the moneys due or to become due to him on his contract, the assignor is entitled to the same in preference to the lienor.

The court may not extend purely statutory rights, such as are given by said act, beyond the terms of the statute creating them.

An order drawn by the contractor in favor of a creditor, by its terms payable out of a sum due or to become due from the owner under his contract, when such order is given and accepted in payment of the debt, operates as an assignment *pro tanto* of that fund.

*Stevens* v. *Reynolds* (54 Hun, 419), reversed.

(Argued October 20, 1891; decided December 1, 1891.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made November 7, 1889, which modified, and affirmed as modified, a judgment in favor of the appellants entered upon a decision of the court on trial at Special Term.

Between September 21, 1886, and December 22, 1886, Alexander Anderson furnished building materials and made repairs at No. 115½ Waverly place, New York, for which he was entitled to receive January 26, 1887, $1,545.48, pursuant to a contract with Bridget M. Reynolds, the owner in fee of the property. While the work was in progress the plaintiff sold and delivered to Anderson lumber used in the reparation of the building of the value and at the agreed price of $1,097.93, no part of which having been paid, he, on the 15th of February, 1887, duly filed a mechanics' lien pursuant to chapter 342 of the Laws of 1885, the General Mechanics' Lien Law of this state. Between October 7 and November 5, 1886, E. H. Ogden & Co. sold and delivered to Anderson lumber of the value and of the agreed price of $909.94, a part of which of

the value of $400 was used in repairing the building. No part of said $909.94 has been paid. On the 15th of November, 1886, Anderson executed and delivered to E. H. Ogden & Co. an order on Bridget M. Reynolds, of which the following is a copy:

"Please pay to the order of E. H. Ogden & Co., nine hundred and nine $\frac{94}{100}$ dollars and charge to account of my contract with you for the carpenter work at 115½ Waverly place, it being for lumber materials used in construction of same, the amount to be paid of the last payment of $1,900." This order was given and accepted as payment for said lumber, and on the day of its date it was duly presented to Mrs. Reynolds, but she did not accept it in writing nor promise to pay the amount represented by it.

November 24, 1886, Anderson by a written order directed Mrs. Reynolds to pay Eben Peek $113.76 out of the sum to become due January 26, 1887, for the work performed, which was presented to her November twenty-seventh, and she then agreed to pay the amount represented by it. August 1, 1887, this action was begun to foreclose the lien filed by the plaintiff. The Special Term held that the orders drawn in favor of E. H. Ogden & Co. and Peek were valid assignments of portions of the fund ($1,545.48) due January 26, 1887, and that they were entitled to be first paid out of it, and that the plaintiff was only entitled to the remainder. A judgment was entered in accordance with this decision, and the plaintiff appealed to the General Term from that part of the judgment which adjudged the claim of E. H. Ogden & Co. to be prior to his, but did not appeal from the part adjudging the claim of Peek to be prior to his. The General Term modified the judgment of the Special Term by deducting $504.94 from the claim of E. H. Ogden & Co., adjudged that they were entitled to $400, the value of the lumber sold by them which was used on the building, with interest thereon from November 15, 1886, gave the claim of the firm priority over the claim of the plaintiff to that extent and awarded to him the remainder, without costs to either party.

*Charles A. Decker* for appellants. The order given by Anderson to Ogden and Bigelow was an equitable assignment *pro tanto* of the last payment due Anderson from Reynolds and was entitled to precedence of payment over the mechanic's lien. (*Brill* v. *Tuttle,* 81 N. Y. 454; *Lauer* v. *Dunn,* 115 id. 409; *Conselyea* v. *Blanchard,* 103 id. 233.) There is no prohibition by the act of 1885, against the payment of the whole of the assignment of Ogden & Co. before the satisfaction of the plaintiff's lien. (Laws of 1885, chap. 342, §§ 1, 2; *Lauer* v. *Dunn,* 115 N. Y. 405; *Munger* v. *Curtis,* 42 Hun, 465.) The declaration in the act of 1885, that it is "a remedial statute and is to be construed liberally," should not be held to apply solely to the lienor or for his exclusive benefit where he abuses the privileges it gives him. (*Mushlitt* v. *Silverman,* 50 N. Y. 360; *Benton* v. *Wickwire,* 54 id. 226; *Ayers* v. *Revere,* 1 Dutch. [N. J.] 474; Phillips on Mechanics' Liens, §§ 30, 31.) The plaintiff was guilty of *laches* in not filing his lien till long after the last payment under the contract became due. Nothing in the act of 1885 can excuse this or restore or extend his rights. The lien, therefore, attached only to what was unpaid at the time it was filed. (*McKinglor* v. *Washington,* 8 W. Va. 666; *Post* v. *Campbell,* 83 N. Y. 285; *Crane* v. *Genin,* 60 id. 127; *Gibson* v. *Lewane,* 94 N. Y. 187; Phillips on Mechanics' Lien, § 93; *Doughty* v. *Devlin,* 1 E. D. Smith, 635; *Allen* v. *Carman,* Id. 692; *Payne* v. *Wilson,* 74 N. Y. 355; *Heckman* v. *Pinkney,* 81 id. 211; *Otis* v. *Haley,* 1 Daly, 338.) The plaintiff, by his procrastination, has excluded himself from the benefits of the act. (*Lumbard* v. *S., etc., R. R. Co.,* 55 N. Y. 491.)

*Charles H. Machin* for respondent. Ogden & Co. were entitled to receive out of the fund, due under the contract in the contractor's hands, no more than the value of the material furnished by them for the building. (Laws of 1885, chap. 342, § 3.) Appellants' claim has no equitable superiority over that of respondents. (*Payne* v. *Wilson,* 74 N. Y. 355; Laws of 1885, chap. 342, § 5.) The claim that plaintiff lost any

rights by not sooner filing his lien is without foundation.   The
lien was filed within the statutory time, and the assignment
was made and delivered three months before the lien was filed.
(*People ex rel.* v. *Comptroller, etc.*, 77 N. Y. 45.)   The act
under which the lien was filed is a remedial statute and is to
be construed liberally to secure the beneficial interests and
purposes thereof.   (*Post* v. *Campbell*, 83 N. Y. 270.)

FOLLETT, Ch. J.   The order drawn by the contractor on the
owner in favor of E. H. Ogden & Co. for $909.94, being, by
its terms, payable out of a particular fund specified in the
order, operated as an assignment, *pro tanto*, of that fund.
(*Brill* v. *Tuttle*, 81 N. Y. 454; *Conselyea* v. *Blanchard*, 103
id. 222; *Lauer* v. *Dunn*, 115 id. 405.)

In *McCorkle* v. *Herrman* (22 N. Y. St. Rep. 519; rev. 117
N. Y. 297), several persons had performed labor and furnished
materials for a building erected by a contractor for the owner.
After the work had been done and the materials supplied, but
before any lien was filed, a judgment creditor of the contractor
began supplementary proceedings to collect his judgment which
did not arise out of, and had no connection with, the building
contract, and procured the appointment of a receiver.   Sub-
sequently the laborers and material men duly filed their liens,
and the question arose whether they or the receiver had the
prior right to the sum due from the owner to the contractor.
It was held at the General Term that the lienors had the prior
right.   In discussing this question, the court said: " The stat-
ute gives a creditor a lien against a particular fund upon his
doing certain things, and that lien is superior to the claim of
any other creditor who has not taken the steps designated by
the statutes to secure a lien.   The plaintiff, by his appoint-
ment as receiver, undoubtedly became vested with all the
right, title and interest of his judgment debtor in and to this
fund as of the time when the preliminary order was served.
But he gets no greater right than he would have had if his
judgment debtor had assigned the same to him on that day,
and he cannot enforce any other or greater rights than his

judgment debtor could enforce. His creditors, by the permission of the statute, have been enabled to assert a claim upon this debt due to the judgment debtor, and, by reason of the statute, having taken those steps, they have a superior claim upon this debt due to him, and by the transfer of this debt to another person, whether by operation of law or by a voluntary assignment, the plaintiff's debtor could not deprive the creditors of the rights which the law conferred upon them."

The Court of Appeals reversed the judgment, and in discussing the question said : " The real question presented by the demurrer relates to the priority of lien between a judgment creditor of a contractor, who has duly commenced supplementary proceedings on his judgment, terminating in the appointment of a receiver, and laborers and material men who, subsequent to the commencement of the supplementary proceedings, and within the time allowed by law, filed notices of lien to reach the debt owing the contractor, under a contract with the owner of a building for its construction. The section of the Lien Law (Chap. 342 of the Laws of 1885), which governs the right of the lienors in this case, prescribes that upon ' filing the notice of lien,' a lien shall be acquired, etc. The filing of the notice originates the lien. Anterior to this act, the laborer or material man has no preferential right to be paid for his labor or material out of the sum which is due from the owner of the building to the contractor, but stands in the same position as other creditors. He may subject the debt to a lien in his favor on filing the notice and taking the proceeding prescribed by the act. But if, before this has been done, other creditors, pursuing the usual remedies for the collection of debts, have acquired a legal or equitable right to have the debt applied in satisfaction of their claims, the right is not overreached by liens subsequently filed under the act, unless priority is given by the provisions of the act itself." * * *

" Which of the claimants have the prior right? We think the plaintiff as receiver has the superior claim. He stands as the assignee of the claim of the contractor against the defendant, by a title which ante-dates the filing of the notices of

lien.   When the liens were filed there was a debt owing by the defendant.   If the proceedings instituted by the creditor, whom the plaintiff represents, had been abandoned, the liens would have had priority.   But not having been abandoned, and the equitable lien existing when the liens were filed having been converted into a legal title as of a time anterior to the filing of the liens, the right to the debt, as between the plaintiff and the lienors, vested in the former.   The plaintiff, we think, stands in as good a position at least as if prior to the filing of the liens the contractor had, in good faith, assigned his claim against the defendant to the creditor in the supplementary proceedings, as security for his debt.   The assignee, under such an assignment, according to the general current of authorities, would take precedence over lienors under liens subsequently filed."

The case cited, like the one at bar, arose under chapter 342, L. 1885, and is decisive of the question presented.

There is no provision in the statute forbidding a contractor to pay his creditors out of the money due or to become due him from the owner to the exclusion of laborers and material men who have not filed liens.   This may be an omission, but if so, it can only be supplied by the legislature, for the courts cannot extend these purely statutory rights beyond the terms of the statute by which they are created.

The judgment of the General Term should be reversed, and the judgment entered on the decision of the Special Term affirmed, with costs.

All concur.

Judgment accordingly.