HENRY B. HONDORF, Plaintiff, *v.* SILAS I. ATWATER, WILLIAM B. ARMSTRONG and EDWARD S. CLARKE, Appellants; JOHN H. MAHER and JAMES GLASGOW, Respondents, and Others, Defendants.

*Mechanic's liens — assignment of a contractor's claim — priority as between it and the liens — omission to plead a lien — amendment.*

The transfer to a creditor of a building contractor, of the interest of another creditor of the contractor in a claim for moneys due and to become due upon a building contract theretofore assigned to him by the contractor in payment of his indebtedness, is effectual as against any mechanic's lien subsequently filed.

The extent of the interest of the assignee of the contractor, in the claim for moneys due and to become due upon the contract so assigned and transferred, is the amount of the contractor's indebtedness to his assignee at the time of making the assignment.

*Quære*, whether, when the answer of a defendant in an action to foreclose a mechanic's lien only alleges a claim to the fund based upon an assignment thereof from the contractor, the trial court can, under section 723 of the Code of Civil Procedure, to conform the pleading to the facts, permit the answer to

be amended, against the objection of other parties, so as to set up a claim founded upon a lien under the statute.

Such an amendment cannot be had at General Term upon the review of a decision which does not give such defendant the benefit of a lien under the statute, and the fact that the trial court did not disregard the omission of such defendant to allege his statutory lien does not furnish a ground for reversal.

APPEAL by the defendants Silas I. Atwater, William B. Armstrong and Edward S. Clarke from a judgment of the County Court of Monroe county, entered in the office of the clerk of Monroe county on the 16th day of November, 1892, upon a decision of the court rendered after a trial by the court.

The action was brought to foreclose an alleged lien upon certain premises. It appears that the defendant Edmund C. Hondorf entered into contract with the defendants Sibley, Atkinson, Sibley and Averill, as trustees of Hiram Sibley, deceased, to construct a house at the price of something over $2,000, and that at the time of the commencement of the action in October, 1891, there was due from them upon the contract $550. This sum, pursuant to stipulation of the parties, was by such trustees paid into court. On July 14, 1891, the building was nearly completed, and on that day the defendant Hondorf, on account of his indebtedness to them, assigned his interest in the contract and the amount due and to become due, to the defendants Evans and Grant, who completed the house. And afterwards, on September 14, 1891, Evans and Grant transferred to the defendants Atwater, Armstong and Clarke their interest in the moneys due and unpaid of the claim so assigned to them. There was then due to the appellants upward of $550 for materials furnished to Hondorf for the construction of the building, and to Maher and Glasgow there was due $158.88 for work upon it. On that day the latter filed a mechanic's lien upon the premises, and later, the defendants Holzworth and Whitmore, Nell and Kern, Hayes, and the plaintiff respectively, filed liens thereon. The trial court determined that, after the payment of the costs of the plaintiff and the defendants Maher and Glasgow, there be paid to the latter $158.88, and to the appellants $221.97. Judgment was entered accordingly.

*John J. Snell*, for the appellants.

*James M. E. O' Grady*, for the respondents.

BRADLEY, J. :

The controversy is mainly between Atwater, Armstrong and Clarke, the appellants, and Maher and Glasgow, the respondents. The assignment made to the appellants by Evans and Grant of their interest in the claim transferred to them by Hondorf was effectual as against any lien subsequently filed. (*Stevens* v. *Ogden,* 130 N. Y. 182.) The subject of inquiry is what was the amount of such interest of Evans and Grant at the time of the assignment? Was it made prior to the time the respondents' lien was filed? It appears by the evidence, and the court found, that at the time of the transfer by Hondorf to Evans and Grant, in July, 1891, he owed them $1,421.97; that he then made to them two assignments of claims on account of such indebtedness; one of them was that before mentioned; that the sum of $800 was allowed to them on the other assignment in an action having relation to it, and that before they made the transfer to the appellants, the Sibley trustees had paid to Evans and Grant the sum of $400 embraced in the claim so assigned by Hondorf to them, leaving only $221.97 of his indebtedness to them unpaid. The consequence was that the last-mentioned sum was the extent of their interest in the claim so assigned to the appellants at the time it was made.

Whether or not the transfer to the appellants was made before the lien of the respondents was filed was upon the trial a controverted question of fact. The court found that the lien was filed prior to the time of the transfer, and such finding has the support of evidence. These facts support the conclusion of the court unless there is some further cause to overcome or modify the effect given to them. It appears that in July, 1891, the appellants filed a mechanic's lien upon the premises. And the question is whether it is available to them in this action. They may have relied upon the transfer to them by Evans and Grant. This they alleged. They did not make the lien a matter of allegation or of claim for relief in their answer. But it is urged by their counsel that as the fact was proved on the trial without objection, it should be treated as effectual as if it had been set up in their pleading. The statute provides that all persons who have filed notice of such lien " shall by answer in such action set forth the same, and the court in which the action is brought may settle and determine the equities of all

the parties thereto," etc.   (Laws 1885, chap. 342, § 17.)   While the court found that the appellants filed a mechanic's lien in July, 1891, he added that they do not claim herein under that lien, and the appellants excepted.   The answer of a defendant alleging a claim founded upon a lien under the statute sets forth a cause of action in his behalf and upon it affirmative relief is sought.   The appellants did not ask to amend on the trial, and if they had it is quite questionable whether it could have been allowed in the discretion of the court against the objection of any of the other parties so as to set up the lien.   It may be done at the trial to conform the pleading to the facts proved where the amendment does not change substantially the claim or defense.   (Code, § 723.)   The amendment now suggested would have been a substantial change of the pleading.   It would have constituted a different defense or cause of action in behalf of those defendants from that alleged in their answer.   It cannot now be assumed that the other parties would not have objected to it if application to amend the answer had been made there.   If the court had disregarded the failure to allege the appellants' lien in their answer and given them the benefit of it by a decision upon the merits, a different question from that now here would have been presented.   (*Barnes* v. *Perine*, 12 N. Y. 18, 24 ; *Field* v. *Mayor*, 6 id. 179 ; *Voorhees* v. *Burchard*, 55 id. 98.)   The amendment cannot be made upon this review.   Nor can it be said that the trial court erred in not disregarding the omission of those defendants to allege their lien.   (*Storrs* v. *Flint*, 14 J. & S. 498, 519 ; *Southwick* v. *First National Bank*, 84 N. Y. 420.)   It may be observed that although it does not appear by the record that objection was taken to the introduction of the appellants' notice of lien in evidence, their offer to prove in that connection the indebtedness represented in it appears to have been objected to at the trial. The trial court may have deemed this matter of defense and claim, as waived by the failure of those defendants to plead it.   (*Center* v. *Weed*, 63 Hun, 560.)

These views render it unnecessary to consider any other question. The judgment should be affirmed.

DWIGHT, P. J., LEWIS and HAIGHT, JJ., concurred.

Judgment of the County Court of Monroe county appealed from affirmed, with costs.