JOHN M. ANDERSON, as Executor, etc., of ANDREW ANDERSON, Deceased, Respondent, *v.* FREIDERICH PETEREIT, Appellant, Impleaded with Another.

*Building contracts — substantial performance required — what defects and omissions preclude a recovery.*

The relaxation of the rule, that the plaintiff in an action must show performance of a contract when that is a condition of payment, was not intended to permit courts and juries, in cases arising under building contracts, to substitute a money indemnity as an equitable compensation for the unfulfilled covenants of the contract, but arose because of the difficulty of complying with entire exactness with all the particulars embodied in that class of agreements.

Where the defects and omissions pervade the whole work, the contractor cannot recover upon the theory of substantial performance.

*Semble,* that under a contract to build a house for $3,200, the finding of a referee that $300 would repair the defects, shows too great a variation and indicates that there was no performance.

A willful variation from that portion of plans and specifications for a house which directed that footing courses should be not less than six inches thick, and should project not less than six inches on all sides of the walls and piers, thereby causing a defect which cannot be remedied, precludes the idea of performance and prevents any recovery.

APPEAL by the defendant, Freiderich Petereit, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Westchester on the 11th day of August, 1894, upon the report of a referee.

*Edward P. Schell* and *Abm. I. Elkus,* for the appellant.

*Herbert D. Lent,* for the respondent.

BROWN, P. J.:

This action was brought to foreclose a mechanic's lien filed by Andrew Anderson, the plaintiff's testator, against the property of the defendant. Anderson entered into a written contract with the defendant to erect for him a dwelling house according to certain plans and specifications for the sum of $3,200. The final payment was to be $1,300, and was to be made upon the completion and acceptance of the building. The lien was filed for the amount of the final payment. The action was defended on the ground that

the work had not been performed in accordance with the drawings and specifications.

The referee found that the contract was substantially performed, but that, by reason of defective work and defective materials used in the construction of the house, the defendant was entitled to deduct $300 from the balance of the contract price, and that the defects in the building were not substantial ones and did not pervade the whole work, and that " they are not so essential that the object of the parties failed of accomplishment by reason thereof."

The referee has not found the particular defects in the building or materials for which he made the allowance of $300, and it is impossible for this court, from an examination of the evidence, to ascertain what matters were intended to be covered by that allowance.

In response to requests to find made by the appellant the referee negatived nearly all the claims of variation from the contract made by the appellant. He found that some of the doors and windows furnished were not of good material and did not comply with the contract, and that the footing courses under the foundation walls and chimneys did not extend six inches beyond the walls and chimneys as required by the contract.

Ordinarily the question of substantial performance has been held to be one of fact; but it was said in *Crouch* v. *Gutmann* (134 N. Y. 45, 54) that the cost of the completion of work by remedying defects, or supplying omissions in it to meet the requirements of a contract, may be so great as to preclude the conclusion of substantial performance. In that case the fair value of the labor and materials necessary to remedy defective work was but $205, and yet three judges dissented from an affirmance of a judgment in favor of the plaintiff on the ground that the defective performance of the contract was sufficient to defeat a recovery.

In *Flaherty* v. *Miner* (123 N. Y. 382) the price of the work fixed in the contract was $3,500. The jury allowed the defendant $600 for the expense of doing work which the plaintiff was bound under the contract to do, and it was said by the court, that " if it had appeared upon the trial without dispute that such a substantial portion of the work remained undone * * * it may well be be that the plaintiff could not have recovered upon the theory of a

substantial performance." There was no exception, however, that presented that question for decision in the Court of Appeals, and, hence, the judgment was affirmed.

In *Crouch* v. *Gutmann* the court said : " The rule of substantial performance should not be extended beyond the purpose in view when the relaxation of the strict performance was adopted which was founded upon equitable considerations in furtherance of justice, and made applicable to cases of honest intention of contractors to fairly perform their contracts, and who shall in the main have done so with only slight defects or omissions inadvertently and unintentionally caused and appearing in the work."

If a contractor should fail to perform some distinct or specific piece of work, which, by his contract he had stipulated to do, the value of which was one-tenth of the contract price, there would, I think, be no question that there was not a substantial performance of the agreement. The rule still prevails that the plaintiff must show performance when that is a condition of payment. The relaxation of its strict application in cases arising under building contracts was not intended to permit courts and juries to substitute a money indemnity as an equitable compensation for unfulfilled covenants of the contract, but arose because of the difficulty of complying with entire exactness with all the particulars embodied in that class of agreements. Hence, it has been repeatedly said in the decisions that it is only in cases where there has been no willful omission by the contractor, but he has honestly and faithfully performed the contract in all its substantial particulars, that he will not be held to have forfeited his remuneration by mere technical or unimportant omissions or defects. The rule stated by Chief Judge Church in *Glacius* v. *Black* (50 N. Y. 145), and which has been frequently repeated in later decisions, was, that if the defects or omissions are so numerous and prevailing as to show that the whole job was done in a slovenly and improper manner, not conforming substantially with the plans and specifications, there was no rule of law which entitled the claimant to compensation.

When the defective work bears such a proportion to the whole contract as it does in this case I think it a subject of grave doubt whether a recovery could be sustained by the contractor on the theory of substantial performance. In this case it is not, however,

necessary to rest our decision upon the amount of the value of the defective work as the defects and omissions were so numerous that they must be held to have pervaded the whole job. The allowance made by the referee for defective work was evidently not based upon the testimony offered by the plaintiff, as his witnesses testified that twenty-five dollars would remedy all defects. The testimony introduced by the defendant showed defects which ran through the whole work. Foundations were of less size than specified, and constructed of inferior material. Timbers in the frame of the building and in the partitions were smaller than called for by the specifications. The chimneys were out of plumb, floors and ceilings out of level, walls uneven and corners not square. Doors, windows and blinds were defective and of poor material and generally defective work was the rule, and not compliance with the contract. And in one important particular the plans and specifications were departed from to such an extent as to preclude the conclusion of performance. The specifications provided that the contractor should put footings of heavy rough stone under all foundation walls, piers, posts and chimneys, to be *not less* than *six inches* thick and to project not less than six inches on all sides of walls and piers.

The referee found that there were footing courses under the walls and chimneys, but that they did not extend six inches beyond the walls, and it appears from the testimony of the mason that the stones used were not as thick as called for by the specifications. There was no ambiguity about the contract in this respect, and the defect is not one that can now be remedied. The defendant has a right to have his house erected according to his own idea of strength and utility, and the contractor was bound to construct the wall of the size and character specified. "If the owner, having regard to strength and durability, has contracted for walls of specified materials to be laid in a particular manner * * * the builder has no right to substitute his own judgment or that of others. Having departed from the agreement, if performance has not been waived by the other party, the law will not allow him to allege that he has made as good a building as the one he engaged to erect." (*Smith* v. *Brady*, 17 N. Y. 186, 187.)

In *Glacius* v. *Black* (67 N. Y. 563) a judgment in favor of the plaintiff was reversed by the Court of Appeals for a departure from

the specifications no more important than in the respect here found by the referee.

There was no difficulty in complying with this provision of the contract, and the contractor's act in departing from it was willful, and it cannot be legally justified without absolutely setting aside the rule which requires performance of the contract as a condition of a recovery of the stipulated compensation. The case is not one of substantial performance, but one where the builder substitutes his own judgment of what is necessary in place of the stipulation of the contract. The case in this respect was one of a failure to perform, and the omission is fatal to the plaintiff's right to recover.

It is claimed by the respondent that the defendant waived the defects in the performance of the contract. Waiver is largely a question of intention, and we do not think that the evidence before us would permit the conclusion that the defendant surrendered his right to have the plans and specifications complied with.

The referee, however, made no findings upon this question, and it is not before us for review.

The judgment must be reversed, the order of reference vacated and a new trial granted, costs to abide the event.

CULLEN and DYKMAN, JJ., concurred.

Judgment reversed, order of reference vacated and new trial granted, costs to abide event.