JAMES F. SMITH and Others, Respondents, *v*. THE SHELTERING ARMS, Appellant, Impleaded with JOHN EMBERSON, Respondent, and Others.

*Contractor — failure to perform a substantial part of the work — a sub-contractor cannot recover under a mechanic's lien.*

Where there has been a failure on the part of a contractor to perform a substantial part of the work called for by his contract, and there is no provision in the contract for the completion thereof by the owner in the event of the failure of the contractor, and no understanding between them that the owner should proceed with the work, and no failure on the part of the owner to perform his obligation under the contract, a sub-contractor cannot recover under a mechanic's lien the amount due to him from the contractor.

APPEAL by the defendant, The Sheltering Arms, from a judgment of the Supreme Court in favor of the plaintiffs and the defendant John Emberson, entered in the office of the clerk of the county of Westchester on the 17th day of November, 1894, upon the report of a referee.

This action was brought to foreclose a mechanic's lien filed by the plaintiffs as sub-contractors under two building contracts.

*Charles B. Meyer*, for the appellant.

*C. S. Davison*, for respondents Smith.

*Smith, Platt & Thompson*, for respondent Emberson.

BROWN, P. J.:

The referee decided that the plaintiffs had a valid lien upon the premises of the appellant for the sum of $561.45, and that the defendant Emberson had a valid lien against the same premises for the sum of $252.38. On September 14, 1891, one Charles W. Banham entered into a contract with the appellant for the construction of a building, and on the same day entered into another contract with the "Children's Fold" for the construction of a building on the appellant's land with the appellant's consent. The plaintiffs furnished material which was used in the buildings and filed their lien on March 23, 1893.

The referee found that at the time said lien was filed there was earned by Banham under said contract more than the sum of $561.45,

and that there was due and unpaid to him for extra work upon said buildings the sum of $100. He further found that Banham did not substantially complete either contract. The work on the Sheltering Arms contract, however, proceeded so far that the sixth payment thereunder was earned, and a certificate therefor was given by the architect, and at the time of the filing of plaintiffs' lien $640 thereof was unpaid. This sum was subsequently paid to one John W. Winmill, and it is the plaintiffs' claim that their lien attached to this balance and that the payment to Winmill was unauthorized.

We agree with the plaintiffs' counsel that Winmill's relation to the transaction, so far at least as plaintiffs are concerned, was that of a sub-contractor, and that plaintiffs' rights were in no way affected by the arrangement between Banham and Winmill by which the payments to be made under the contract were apportioned between them. But it appears that when the sixth payment came due two certificates were given, one of which for $1,140 was indorsed by Banham and delivered to Winmill. There is no question but that sum was then due to Winmill, and, on March eleventh, the Sheltering Arms paid to him upon it the sum of $500. The indorsement and delivery of this certificate to Winmill was an assignment to him *pro tanto* of the sixth payment for a good consideration, and as it was executed and delivered before the plaintiffs' lien was filed, gave to Winmill a preferential right to the amount due on the contract, and a subsequent lien could not defeat his right to the money. (*Lauer* v. *Dunn,* 115 N. Y. 405 ; *Stevens* v. *Ogden,* 130 N. Y. 182.)

There were other small sums paid to Winmill after the plaintiffs' lien was filed, but none of them represented money due to Banham under the contracts, and were not applicable to the payment of the plaintiffs' lien.

We are of the opinion that the only sum to which the plaintiffs' lien attached was the sum of $100 due for extra work. Emberson was a sub-contractor with Winmill, who, after Banham abandoned his contract, entered into an agreemant with the Children's Fold to complete its building. It does not appear whether Winmill's contract was verbal or in writing or what the terms of payment were.

Emberson alleged in his answer that such a contract was entered into between Winmill and the Children's Fold with the knowledge

and consent of the appellant, which allegation is admitted by the appellant, and the fact of the making of such a contract to complete the building for $3,400 is found by the referee. In the absence of any testimony as to its terms, the contract price must be presumed to have been payable upon the completion of the work. In his first report the referee found that Winmill entered upon the performance of the work, but abandoned the same before completion, and did not substantially complete the same. In a supplemental report he found that Winmill substantially performed all said contract and completed said building, with the exception of putting in a few locks, knobs of doors, some door steps and a small amount of plastering and some painting. This uncompleted work was done by the Children's Fold at an expense of $267.62. Deducting this and the amount paid to Winmill from the contract price, there was left a balance of $252, upon which Emberson was awarded a lien.

The case in respect to the facts stated cannot be distinguished from *Larkin* v. *McMullin* (120 N. Y. 206) or *Hollister* v. *Mott* (132 id. 18).

It was held in those cases that when there was a failure on the part of the contractor to perform a substantial part of the work, and no provision in the contract for its completion by the owner in the event of the failure of the contractor, and no understanding between them that the owner should proceed with the work, and no failure on the part of the owner to perform his obligation under the contract, a sub-contractor could not recover.

There is in such a case nothing due to the contractor upon which the sub-contractor's lien can attach.

We are also of the opinion that the contract was not substantially performed by Winmill. The finding in the supplemental report in this respect does not amount to a substantial performance.

The testimony is that Winmill left the work uncompleted, and new contracts were made with other mechanics for its completion. The abandonment of the work was willful and precludes a recovery by a sub-contractor. (*Van Clief* v. *Van Vechten*, 130 N. Y. 571; *Anderson* v. *Petereit*, 86 Hun, 600.)

The judgment in favor of Emberson must, therefore, be reversed and a new trial granted, with costs to abide the event. The recovery in favor of the plaintiffs must be reduced to $100 and

costs, and, as so modified, the judgment is affirmed, without costs of appeal.

PRATT, J., concurred; DYKMAN, J., dissented.

Judgment in favor of Emberson reversed and new trial granted, costs to abide event. Judgment in favor of plaintiffs reduced to $100 and costs, and, as so reduced, affirmed, without costs.