CULLEN, J.
The defendant Reddington made a contract with the defendant McWalters, by which the latter was to erect a house on the land of the former for the sum of $6,000. During the progress of the work, Reddington paid McWalters $2,000. McWalters performed his contract. Reddington, finding himself unable to obtain the remainder of the contract price, by an arrangement with McWalters, on September 26, 1894, executed to McWalters’ wife, the defendant Mary McWalters, a mortgage for $4,000, the balance due. On October 2, 1894, the defendants Orr & Co. filed a mechanic’s lien against Reddington, as owner, and McCauley, as contractor, for $849.72. At this time, McWalters owed Orr & Co. on another account, not connected with the premises in suit, $324.48. On October 10th, the defendant Mary, wife of McWalters, assigned the Reddington mortgage to Orr & Co., as security for the whole debt of her husband to them, $1,174.20. On. October 9th, the defendant Mathews filed a mechanic’s lien *13 against Reddington and McWalters for $252.49. On October 17th, plaintiff filed his lien against the same parties for $521. On October 22d, MoWalters made a general assignment for the benefit of creditors to the defendant John Alexander; and, on the same day, Mary MoWalters assigned to the defendants Fitzpatrick and McCauley the Eeddington mortgage, subject to the lien of Orr & Co. Fitzpatrick and McCauley were creditors of MoWalters for moneys paid by them to discharge a mechanic’s lien on other property, and this assignment was made to secure such indebtedness. Thereafter the plaintiff instituted this action to foreclose his lien, and in it sought to have the Eeddington mortgage declared fraudulent and void. The trial court adjudged this mortgage and the assignments of it to Orr & Co. and to McCauley and Fitzpatrick void, and decreed a sale of the property, and that, out of the proceeds, Orr & Co., Mathews, and the plaintiff be paid the several amounts of their liens, according to their respective priorities, and that the surplus should be paid over to the general assignee. From that decree, Orr & Co., Reddington, and McWalters, and Fitzpatrick and McCauley appealed.
We entertain no doubt that the plaintiff can maintain this action to set aside the mortgage to Mary McWalters. His standing is not that merely of a general creditor, who must first obtain a lien on the property of the debtor by the recovery of a judgment and issue of execution. The lien of the plaintiff is perfect on complying with the requirement of the statute, and it is a specific lien on the particular property, similar in all respects to a mortgage. This conclusion brings us to an examination of the merits of the judgment appealed from.
The trial court justly held that the mortgage was fraudulent and void as to the creditors of McWalters, both general creditors and those who might be entitled to file mechanics’ liens. McWalters was insolvent, and Reddington knew that MoWalters had not paid his creditors. It is not pretended that any consideration proceeded from McWalters. The mortgage was therefore fraudulent as to creditors, but was entirely valid as between the parties, for Eeddington owed the $4,000, and the mortgage was given for that indebtedness. Orr & Co. were nowise parties to this fraud. When, therefore, the mortgage was appropriated to the very persons or class of persons in whose interests alone it could be avoided the title acquired by such persons was not subject to be defeated. I think in this respect the case is the same in principle as that of Murphy v. Briggs, 89 N. Y. 451. At the time of the assignment to Orr & Co., neither the plaintiff nor the defendant Mathews had filed any notice of lien, and therefore the rights of no creditors had intervened. It is true that the assignment to Orr & Co. was to secure not only their claim for material furnished on this property, but for other indebtedness. . But it has been distinctly held that a creditor who may have the right to file a mechanic’s lien on property has not, until his lien is filed, any superior equity over general creditors, or any right to have the property or the amount due from the owner of the property to the contractor applied to the satisfaction of his claim, in preference to those of *14 other creditors. McCorkle v. Herrman, 117 N. Y. 297; 27 St. Rep. 333; Stevens v. Ogden, 130 N. Y. 182; 41 St. Rep. 331.
We therefore conclude that the assignment to Orr & Co. was valid, and that those defendants are entitled to be first paid out of the proceeds the whole amount of their claim. Before the assign-' ment to the defendants Fitzpatrick and McCauley, the liens of the defendant Mattiews and the plaintiff had been filed. The mort-' gage, except so far as pledged to Orr & Co., being void as to these lienors, the fraudulent mortgages could not give it vitality and effect by assignment even to bona fide creditors after the rights of the lienors had become vested. Schafer v. Reilly, 50 N. Y. 61. These liens must therefore be paid out of the proceeds of the sale next after pavment to Orr & Co.
We do not see that we should now determine the respective rights of the general assignee and those of the defendants Fitzpatrick and McCauley. The question between those parties is not the same as between them and the lienors. The answers of the defendants do no raise, as between themselves, the issues the determination of which is necessary to decide their rights. Any surplus that may arise on the sale, after paying the claims of the plaintiff, of Mathews, and of Orr & Co., should be deposited to the credit of the action; and the rights of the other parties should be determined in proceedings to obtain the surplus. Of course, the property is not liable for any greater sum than $4,000 and interest, the amount due on the contract. If there should be a surplus in excess of that sum, it should go to Reddington, the owner of the fee, or any party claiming under him.
The judgment appealed from should be modified in accordance with this opinion, and, as modified, affirmed, with costs to defendants Orr ¿6 Co., payable out of the property.
All concur.