(37 Misc. Rep. 553.)

### WOOD v. GRIFENHAGEN et al.

(Supreme Court, Special Term, New York County. March, 1902.)

MECHANICS' LIENS—PRIORITIES.

    A subcontractor filed a lien against a building for work done thereon in its construction, and assigned his lien to one of his employés in payment for material furnished, and labor upon the building. *Held*, that the assignee was entitled to hold the lien as against material men who filed a lien for materials furnished to the subcontractor, which materials formed a part of the identical work and materials for which he had filed a lien.

Action by Theodore C. Wood against Jacob Grifenhagen and others. Judgment for defendants.

William F. Kimber, for plaintiff.
Mayer & Gilbert, for defendant Grifenhagen.
Paul M. Goodrich, for defendant Moran.
Morgan & Seabury, for defendant Doorley.
William R. Hill, for defendant Grob.
H. C. Mason, for defendants Pederson & Nelson.

WRIGHT, J. The defendants Grifenhagen, the owners of the premises in question, contracted with the defendants Gavigan & Crowe to make certain repairs thereon. On the 15th day of August, 1901, when the building was completed, there was due and owing from the defendants Grifenhagen to the contractors, Gavigan & Crowe, $974, and on that day there were filed against the building three mechanics' liens,—one in favor of the plaintiff for $273.26, which is a valid lien for that sum; the second one in favor of the defendant Moran for $245, which is a valid lien for that sum; and the third one in favor of the defendant John Hooper for $580. Hooper on

the 11th day of September, 1901, subsequent to the commencement. of this action, assigned his lien to Robert Gibson, together with all his claims against the fund in question, and all moneys due from Gavigan & Crowe to him under his contract. Gibson accepted this assignment in payment of his claim against Hooper of $445; that being the value of labor performed and materials furnished to Hooper, and which were used in the construction of the building. This assignment was filed in the county clerk's office on September 12, 1901. Thereafter, on September 17, 1901, the defendants Pederson & Nelson filed their lien for $230, for the amount due them from the defendant John Hooper, under whose employ they had furnished materials for the building. Pederson & Nelson urge that, although their lien was filed subsequent to Hooper's assignment to Gibson, their claim is entitled to precedence, because the materials which they furnished to Hooper were, to the extent of $230, the basis of Hooper's lien of $580, which he assigned to Gibson. This contention is not valid. Hooper employed Gibson to furnish labor on the building, and he also employed Pederson & Nelson to furnish materials. He paid Gibson by the assignment of his lien and the money due him on his contract with Gavigan & Crowe. The reason why he should be prevented from paying one creditor in preference to another under such circumstances is not apparent.

Section 14 of the lien law (Laws 1897, c. 418) provides as follows:

"A lien filed as prescribed in this article, may be assigned by a written instrument signed and acknowledged by the lienor."

Section 15 provides as follows:

"No assignment of a contract for the performance of labor or the furnishing of materials for the improvement of real property or of the money or any part thereof due or to become due therefor, nor an order drawn by a contractor or subcontractor upon the owner of such real property for the payment of such money shall be valid, until the contract or a statement containing the substance thereof and such assignment or a copy of each or a copy of such order, be filed in the office of the county clerk of the county wherein the real property improved or to be improved is situated, and such contract, assignment or order shall have effect and be enforceable from the time of such filing."

In this case the lien, and also all moneys due Hooper on his contract, were assigned, and such assignment was duly filed in the county clerk's office.

In McCorkle v. Herrman, 117 N. Y. 297, 22 N. E. 948, the plaintiff was the receiver in supplementary proceedings of the property of one Murphy, who, under contract, had erected a building for the defendant. The defendant urged against the plaintiff's title to the money that mechanics' liens had been filed against the property by creditors of Murphy for labor and materials furnished for said building. It was held that the receiver was vested with the title to the money due Murphy on the contract from the defendant, in preference to the lienors, whose liens were filed subsequent to the commencement of the supplementary proceedings. Judge Andrews, in his opinion, says:

"We understand the general rule to be that lienors, on filing notices of lien, take their liens subject to any rights theretofore acquired by third persons in good faith, from or under the contractor, and that whatever right such per-

sons may assert against him, or the owner, in or to the debt, whether such rights spring from voluntary arrangement, or contract, or are acquired by operation of law, may also be asserted against persons who, as laborers or material men, might have previously filed notices of lien, but omitted to do so."

In Bates v. Bank, 157 N. Y. 322, 51 N. E. 1033, the contractors assigned to said bank, as collateral security for their existing and future indebtedness to the bank, the last payment which would become due them on the contract. This assignment was made before any work had been performed. It was held that the bank held the title to the money in preference to subsequent lienors. Judge Gray, in delivering the opinion of the court, says:

"In the absence of anything to the contrary in the contract, and before any notice is filed, the contractor may assign to his creditor, in payment of his debt, the whole or any portion of the moneys due or to become due under the contract, and the assignee acquires a preference over a subsequent lienor."

To the same effect are Stevens v. Ogden, 130 N. Y. 182, 29 N. E. 229; Mack v. Colleran, 136 N. Y. 617, 32 N. E. 604.

Upon the foregoing authorities it must be held that the claim of $445 held by Gibson as assignee of the defendant Hooper is entitled to a preference over the claim of defendants Pederson & Nelson. The amount of fund is $974, and the interest thereon, as conceded on the trial, is $37.50, making a total of $1,011.50. After the payment of the plaintiff's claim and his costs, and the claim of defendant Moran, the balance of the fund should be applied toward the payment of Gibson's claim.

This decision disposes of the only issue between the parties. Findings and judgment determining the rights of the respective parties according to this decision and the proofs may be prepared.

Judgment accordingly.