[Civil No. 437.   Filed January 23, 1896.]

[43 Pac. 527.]

R. T. ROOT, Defendant and Appellant, v. HARLEY FAY, Plaintiff and Appellee.

1. PLEADING—PRINCIPAL AND AGENT—DECLARATION AGAINST PRINCIPAL —EVIDENCE OF CONTRACT WITH AGENT—ADMISSIBILITY.—In an action to recover commission for the sale of a mine, evidence as to a

contract for such commission made with an agent of defendant is admissible, though the pleading declares upon a contract with the principal direct.

2. PRINCIPAL AND AGENT—EVIDENCE — AGENCY — CIRCUMSTANCES — IN-SUFFICIENCY.—Evidence was that plaintiff entered into a contract with one Mathews for a commission for inducing the owners of a certain mine to make a trade; that he secured an option thereon and put the owners and Mathews in communication; that after making this contract Mathews went to Denver, where the defendant, Root, lived; that Root came and examined the mine; that one of the owners received a telegram at San Francisco, California, from Kingman, Arizona, where the mine was, signed J. H. Mathews, requesting him to go to Los Angeles and meet Mathews; that upon arriving he was met by one Barry, who said, "We are Mathews," and introduced Root; that Root had accompanied Barry to California, but denied all knowledge of the telegram, and, though the sale of the mine was consummated at that time, denied all responsibility for the commission. Though agency may be implied from acts and circumstances, the evidence is insufficient to establish that Mathews was the agent of Root.

3. EVIDENCE—INSUFFICIENCY—DIRECTION OF VERDICT.—Where the evidence is insufficient to sustain a verdict for the plaintiff, it is error for the trial court to deny defendant's motion, made at the close of plaintiff's case, to direct the jury to return a verdict in his favor.

APPEAL from a judgment of the District Court of the Fourth Judicial District in and for the County of Mohave. John J. Hawkins, Judge. Reversed.

The facts are stated in the opinion.

Herndon & Norris, for Appellant.

The only fact which the plaintiff attempted to prove was to show that Mathews and Barry were Root's agents, authorized to agree to pay plaintiff five thousand dollars for the work which he alleged he performed. No such cause of action was declared on by the plaintiff. If C. W. Barry and Mathews were Root's agents, authorized by him to do certain acts, and if they contracted on his behalf, he individually is liable, and he is not jointly liable with them; but plaintiff having alleged that the contract was made by Root, Mathews, and Barry jointly, it was improper for plaintiff to be allowed to show that Root alone was the contracting party, and that Mathews and Barry were merely agents.

An agent incurs no liability if he discloses his principal. If Mathews and Barry made it known to plaintiff that Root was their principal, then said Mathews and Barry should not have been made parties to the suit. Mechem on Agency, par. 555; *Whitney* v. *Wyman,* 101 U. S. 392; *Mahoney* v. *Kent,* 7 Misc. Rep. 726, 28 N. Y. Supp. 19.

A party cannot hold both the principal and the agent in an action upon a contract. Mechem on Agency, par. 698; *Silver* v. *Jordan,* 136 Mass. 319; *In re Bateman,* 7 Misc. Rep. 633, 28 N. Y. Supp. 36.

If, however, Mathews and Barry did not claim or assume to act as Root's agents, then he cannot be bound by anything they did by reason of any doctrine of ratification. To bind a principal by ratification, the ratified acts must have been done by the assumed agent, *as agent,* and upon behalf of the principal. If the assumed agents act as principals and on their own account, their acts cannot thus be ratified. Mechem on Agency, par. 127; *Commercial Bank* v. *Jones,* 18 Tex. 811; *Bennecks* v. *Life Insurance Co.,* 105 U. S. 355; *Owings* v. *Hill,* 9 Pet. 607; *Seymour* v. *Wickoff,* 10 N. Y. 213.

Plaintiff having failed to establish his cause of action, it was the duty of the court to so instruct the jury and direct a verdict for the defendant. *Improvement and R. R. Co.* v. *Munson,* 81 U. S. 442; *Parks* v. *Ross,* 11 How. 362; *Pleasants* v. *Fant,* 22 Wall. 122; *Greening* v. *Bishop,* 39 Wis. 552; *Johnson* v. *Moss,* 45 Cal. 515; *Wills* v. *Lynn etc. R. R. Co.,* 129 Mass. 351.

Stewart & Doe, and J. C. Campbell, for Appellee.

BAKER, C. J.—This is an action to recover five thousand dollars as commission for the sale of mining property. The plaintiff had judgment, and defendant appeals. The plaintiff made his contract with one J. H. Mathews, and his theory is, that Mathews was the agent of the defendant in and about the purchase of the property. The record is greatly encumbered with objections and exceptions on the part of the defendant to the rulings of the court in the admission of testimony. They are all based upon the idea that the plaintiff could only show a contract direct with the defendant, but it is elementary that whatever a person may legally do himself

he may legally do by the hand of another. Neither is it an objection that the pleadings do not disclose the agency, for it is the theory of the law that the act of the agent is the act of the principal. The principal may therefore be declared against direct.

The whole of the evidence is substantially as follows: The plaintiff made a contract with one J. H. Mathews to the effect that if he (plaintiff) induced the owners of certain mines situate in the White Hills, Mohave County, Arizona, to sell the same on a basis of two hundred thousand dollars, the plaintiff was to have ten thousand dollars commission; or, if he had anything out of which to secure a trade for the property, he was to have five thousand dollars. The plaintiff went to San Francisco and obtained an option upon the property for twelve days from the owners, and placed the owners and said Mathews in communication with each other. There was frequent telegraphic communications between plaintiff and Mathews about the property. After making this contract Mathews went to Denver, where the defendant, Root, lived. Root came into the territory and examined the property. One of the owners (Schaefer) received a telegram at San Francisco, California, from Kingman, Arizona, signed J. H. Mathews, requesting him to go to Los Angeles, California, and meet Mathews. Upon arriving in Los Angeles, he was met by one C. W. Barry, who said, "We are Mathews," and introduced him to Root. Root had accompanied Barry to California, but denied all knowledge of the telegram. The sale of the mines to the defendant was consummated at that time. Root, when asked to pay plaintiff, admitted that plaintiff had spent money in the matter, but denied that he was responsible for the commissions.

Giving to this testimony full scope, and every fair inference, it is clearly insufficient to establish that Mathews was the agent of Root. There is no question but that an agency may be implied from the acts and conduct of the parties (Wharton on Agency, secs. 44, 121); but it is not at all clear to us upon what act or series of acts, or conduct, such an inference can reasonably be drawn in this case. The isolated fact that the defendant went to Los Angeles, California, in company with one Barry, and met one of the owners (Schaefer), who had received a telegram signed by Mathews to also go to

Los Angeles, is not a convincing circumstance, and that is the strongest circumstance in the whole case.

At the close of plaintiff's case the defendant moved the court to direct the jury to return a verdict in his favor. The motion was denied. We think it should have been granted. The practice of directing a verdict in a proper case has the advantage of saving expense to the litigants and insuring certainty in the application of the law to the facts. Applying the test, and perhaps the best test, for the exercise of this power, would the verdict be permitted to stand if one was returned for the plaintiff? We think the jury should have been instructed to find for the defendant. The judgment is therefore reversed and a new trial ordered.

Rouse, J., and Bethune, J., concur.