ant executed by Shaw, and that he was never employed under any other or different arrangement, or by any other party. By the terms of the plaintiff's contract, as we have already observed, he could not be discharged against his will, without the defendant becoming obligated to give him a year's notice or his salary, so long as he continued faithfully to perform his duties. That he failed in the latter respect there is no pretense or claim, aside from the answer, and no proof was offered to substantiate the charge made therein. The contract between Shaw and the defendant clearly authorized the former to make the provision contained in the plaintiff's contract respecting his salary. The only limitation placed upon Shaw's right to contract was that his engagements should not bind the defendant for a greater sum than $20,000 in the first year. There is not a particle of proof to show that Shaw exceeded his authority in this regard, or that the expenses incurred in the first year, or during the whole period of plaintiff's employment, exceeded such sum; and, in addition to this, the defendant, in writing, distinctly ratified the acts of Shaw in connection with his business management of the Review.

We think, therefore, that the learned referee was correct in his legal construction of the agreement; and, as the breach of plaintiff's contract seems to be established by the evidence, we conclude that the judgment should be affirmed, with costs. All concur.

---

### D'AMATO v. GENTILE.

(Supreme Court, Appellate Division, Second Department. October 5, 1900.)

BUILDING CONTRACTS—ACTIONS—NONPERFORMANCE.

A contractor cannot recover a balance due under his contract for the erection of a building, where he has failed in its performance by substituting, without the owner's consent, inferior workmanship and materials in place of those required, and, by making changes and omissions, has effected a large saving to himself, and consequent damages to the owner, and the latter has not waived the nonperformance.

Appeal from special term, Kings county.

Action by John G. D'Amato against Eugenio Gentile to foreclose a mechanic's lien for labor rendered and materials furnished in the erection of a building for defendant under a contract, and to recover for extra work and materials. From a judgment for defendant, plaintiff appeals. Affirmed.

The following is the opinion of the court below (MATTICE, J.):

In this action, regularly and duly brought on for trial at a special term of the court held in and for Kings county, and the issues therein have been tried and heard on the 5th day of April, 1899, I, the justice presiding at such trial, do make and file the following decision:

The defendant is entitled to judgment dismissing the complaint on the merits, with costs, and also an extra allowance of five per cent. on the amount claimed by plaintiff in his complaint, which allowance is hereby awarded to defendant. The reasons for such decision are as follows: (1) The plaintiff did not perform the contract alleged in the complaint, but omitted and departed from the plain meaning of the same, and his work was defective. The char-

acter and extent of such defects, omissions, and departures were so great that it cannot be said fairly that plaintiff has substantially performed on his part, but he has, in the main, purposely made the changes complained of by the defendant, and willfully disregarded and ignored the plain meaning and intent of the contract. (2) Plaintiff deliberately attempted to take advantage of the defendant by substituting at nearly every opportunity inferior workmanship and material in the place of those required by the terms of the contract, and by making omissions, changes, and defective work, thereby effecting a large saving to himself and consequent damage to defendant, and depriving defendant of the benefit of his contract, and forcing upon defendant, without any fault of the latter, a building much changed from the contract, plans, and specifications, and inferior in many respects to what was intended by said plans, specifications, and contract. (3) Independent of the defects, changes, and omissions proved by defendant, but upon which no valuation was placed, the damages to the defendant by reason of the said defects, changes, and omissions proved and valued amounted to nearly twenty per cent. of the contract price; such amount being based largely upon the difference in cost at the time the work was done. These defects, changes, and omissions were so general that they permeated nearly the entire structure. (4) Defendant did not consent to the said changes, omissions, or defects; nor did he, either expressly or impliedly, by his acts or conduct, waive the nonperformance by plaintiff, but, on the contrary, endeavored to obtain full performance. And judgment is directed accordingly.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

J. Herbert Watson, for appellant.
Richard A. Rendrich, for respondent.

PER CURIAM. Judgment affirmed, with costs, on opinion of MATTICE, J.

BARTLETT, J., not voting.

---

## LARY v. PETTIT et al.

(Supreme Court, Appellate Division, Third Department. November 16, 1900.)

FRAUDULENT CONVEYANCES—SETTING ASIDE—FRAUD OF GRANTEE.

A conveyance of realty as in fraud of creditors cannot be set aside without any evidence of fraud of the grantee.

Kellogg, J., dissenting.

Appeal from special term, Niagara county.

Action by Herman S. Lary against Isaac H. Pettit and another to set aside a conveyance. From a judgment in favor of plaintiff, defendants appeal. Reversed.

The plaintiff obtained a judgment against Isaac Pettit on the 22d day of January, 1899, which is the basis of this action. The deed which, by the judgment, has been set aside, is claimed by the defendants to have been executed on the 12th day of August, 1895, delivered on the 10th of June, 1896, and recorded on the 4th of December, 1897. It has been found at special term that at the time of the contracting of the debt upon which plaintiff has recovered Isaac Pettit was the owner of this property; that thereafter, upon the 4th of December, 1897, with intent to defraud the plaintiff, he transferred the property to his daughter, Myrtle Pettit; that the deed was never delivered; and that defendant has no other property. One Robert J. Boyd had theretofore recovered a judgment against Isaac Pettit, and brought an action to set