GEORGE E. SEALY CO., INC., Appellant, *v.* ARDS BUILDING CORPORATION and Others, Respondents.

First Department, March 26, 1926.

Liens — mechanic's lien — action by subcontractor to foreclose — principal contractor abandoned contract and owner completed building though not obligated by contract — cost of completion and incidental expenses in connection with plaintiff's lien used up balance — amount paid on notes given to principal contractor which matured and were paid after plaintiff's lien was filed is not subject to lien — notes were not required to be filed in county clerk's office under Lien Law, § 15 — plaintiff is not entitled to lien on difference between balance unpaid and cost of completion.

A subcontractor on a building, in an action to foreclose a mechanic's lien, is not entitled to a lien on the amount of notes given by the owner to the principal contractor as an advance on the contract prior to the filing of plaintiff's lien, although the notes matured and were paid after the lien was filed, since there is no evidence as to one of the notes that it was paid directly to the principal contractor, or that either note was not given in good faith for work to be done,

or were given with the intention of evading the Lien Law, and since the evidence shows that as to the other note it was indorsed to a *bona fide* holder and was paid to it at maturity.

The contention that the notes should have been filed in the county clerk's office under section 15 of the Lien Law cannot be upheld, for that section does not relate to notes given by the owner to the contractor as advance payments on a contract.

The plaintiff is not entitled to a lien upon the difference between the balance unpaid on the contract and the sum expended by the owner to complete it, as there was no provision in the contract for the completion of the work by the owner in the event of failure of the contractor to complete the building, nor was there any understanding between them that the owner should proceed with the work, nor was there any failure on the part of the owner to perform his obligations and, furthermore, there was an abandonment of the contract by the contractor and, therefore, there was nothing due under the contract when the lien was filed.

The fact that the owner sent a letter or notice to the contractor threatening to charge him with the expense of completion did not give either party a contractual right to a fund remaining after completion or a right to charge an extra cost to the contractor, for the contractor never assented to this proposal and cannot now claim a benefit.

Plaintiff's lien could attach after abandonment only to payments that should be earned under the contract through the agency of another subsequent to the filing of the lien, and since there was no performance thereafter by the contractor or for his gain, nothing accrued to him upon which the subcontractor could assert a lien.

MARTIN and FINCH, JJ., dissent, with opinion.

APPEAL by the plaintiff, George E. Sealy Co., Inc., from an order and determination of the Appellate Term of the Supreme Court, First Department, entered in the office of the clerk of the county of New York on the 19th day of March, 1925, affirming a judgment of the City Court of the City of New York dismissing the complaint as against the defendants Ards Building Corporation and Massachusetts Bonding and Insurance Company, dismissing the counterclaim of the defendant Dimock & Fink Company against the above-named defendants and granting plaintiff judgment of $1,000 against defendant James P. Brady, and affirming an order denying plaintiff's motion for a new trial.

*Charles L. Apfel* [*Samuel D. Johnson* of counsel], for the appellant.

*Arthur Knox* [*Edward Hymes* of counsel], for the respondents.

McAVOY, J. Plaintiff is a lienor who claims $1,000 for furnishing materials to the defendant owner's premises. No dispute arises over the facts of delivery, value or non-payment to plaintiff; but the defendant owner contends that having paid out all that was due to plaintiff's principal contractor, it has nothing to which the lien of plaintiff, a subcontractor, can attach. The contractor-in-chief Brady abandoned his contract in March, 1923, and the

owner, Ards Building Corporation, completed the work. When the work was abandoned the contractor had been paid $9,400. This left a balance of $1,200 applicable for completion. The cost of completing the work to the owner was $1,163.87. The owner also had the expense of bonding plaintiff's lien, counsel fees for this service and other expenses which ate up the small sum of $36 remaining.

The appellant also contends that since two of the payments to Brady, the contractor, were by notes maturing and paid after the filing of the lien, the amount of the notes aggregating $1,700 should be deducted from the amount paid to Brady and considered as still in the hands of the owner, so that the lien of the subcontractor could be satisfied out of such fund. It is also asserted by plaintiff that there was a balance of $1,172.13 in the hands of the owner upon the completion of the abandoned contract, which should be applied to the payment of plaintiff's lien. This sum of $1,172.13 does not appear to exist as an actual fund in any one's hands, but such evidence as there is of it is contained in a statement in a letter from the attorney for the owner, which statement the attorney afterwards deposed in an affidavit, which was received in evidence on the trial by consent, was an error, and that the balance actually left after completion of the work between cost and contract amounts was $36.13, subject to deductions. This proof by affidavit went uncontradicted.

Neither of plaintiff's claims to the existence of a fund out of which to satisfy its lien can be sustained. With respect to the two notes given by the owner to Brady, there is no evidence in the record that they were paid to Brady. The first note was due and paid March 8, 1923. By whom it was then held there is no evidence. It may have been discounted and in the hands of a *bona fide* holder when it became due. But even if paid to Brady, if at the time it was given as an advance, it was given in good faith for work to be done, it would not be a fraudulent payment after the lien was filed, under which such lien could attach as though the note were not paid.

The $1,000 note was indorsed over by Brady to defendant Dimock & Fink Company, and was paid at maturity, and was, therefore, in the hands of a transferee at the time of payment, and its discharge by the owner was required. The Lien Law authorizes payments to be made by the owner in advance of the amount becoming due under the contract, provided they are not made for the purpose of avoiding the provisions of the statute, and the lienor must show that they were so made in intended violation of the law. (See Lien Law, § 7.) In any event, when

the notes became due and the payments covered by them had been earned and were due, they became by relation payment when met at their maturity. The contention that these notes should have been filed in the county clerk's office in order to be valid as against the plaintiff's lien under section 15 of the Lien Law (as amd. by Laws of 1916, chap. 507)* cannot be upheld. This section provides for recording an assignment of money due or to become due, or recording orders for the payment of money against funds in the hands of the owner, but has no application to payments by promissory notes on account of work done or to be done. Notes do not operate as assignments of specific funds nor as orders on a fund, and are manifestly not included within the terms of that statute.

As to the assertion of plaintiff that it is entitled to a lien upon the difference between the balance unpaid on the contract and the sum expended by the owner to complete it, this must also be denied, as there was no provision in the contract for the completion of the work by the owner in the event of failure of the contractor to do so, nor was there any understanding between them that the owner should proceed with the work, nor was there any failure upon the part of the owner to perform his obligations under the contract; and since there was an abandonment of the contract by the contractor, there was nothing due under the contract when the lien was filed. That the owner sent a letter or notice to the contractor threatening to charge him with the expense of completion did not give either party a contractual right to a fund remaining after completion or a right to charge an extra cost to the contractor. The contractor never assented to this proposal and he cannot now claim a benefit. Plaintiff's lien could attach after abandonment only to payments that should be earned under the contract through the agency of another subsequent to the filing of the lien, and since there was no performance thereafter by the contractor nor any for his account, nothing could accrue upon which the subcontractor could assert its lien. The sum left in any event is but $36, as demonstrated above, which was subject to counsel fees, expenses of bonding and petty charges for completing the work.

The determination should, therefore, be affirmed, with costs.

Clarke, P. J. and Dowling, J., concur; Finch and Martin, JJ., dissent.

Martin, J. (dissenting). This action was brought to foreclose a mechanic's lien. The plaintiff, appellant, a subcontractor of

---

* Since amd. by Laws of 1925, chap. 624.— [Rep.

defendant Brady, furnished material of the conceded value of $1,000 which was used in the premises.    Appellant was not paid by Brady and filed a mechanic's lien, foreclosure of which is sought in the present action.    Brady, whose agreement with the defendant owner, Ards Building Corporation, called for the payment of $10,600, abandoned his contract about March 1, 1923.    At that time he had received $9,400 including two promissory notes of $1,000 and $700.    The defendant owner completed the contract at a cost of $1,163.87 not including the expenses of bonding plaintiff's lien, counsel fees in connection therewith and related disbursements, as to none of which was there pleading or proof.    On this record, therefore, $36 remains from the contract price, even though the owner be credited with the amount of the notes.

Appellant claims that as two of the payments to Brady were by notes which matured and were met after the filing of its lien, the amounts thereof, aggregating $1,700, are not to be credited as having been paid on the contract to Brady.

It is also asserted that even if the credit of $1,700, the total of the notes, be allowed, the owner held $1,172.13 after completing the contract and that such amount should be applied in payment of appellant's lien.    This is based upon a letter which respondent's attorney wrote to the lienor on April 12, 1923, to the effect that $1,172.13 was in the hands of the Ards Building Corporation after completion.    An affidavit verified by the attorney, received at the trial in lieu of common-law evidence, shows that there was an error in the letter and that the balance on hand was $36.13, alleged to be subject to deductions also indicated therein.    No proof was given by the plaintiff to contradict this evidence.

The respondent contends that the principal contractor having defaulted and there being no provision in the contract to cover such contingency, no sum was or could become due to the contractor from the owner.    In this respondent cannot be sustained. The defendant owner asserted no such right.    On the contrary, it notified the contractor that it would finish the work and charge the cost thereof to him; and it submitted a statement, the letter referred to by the lienor showing the amount of the contract and the amount necessarily paid to complete the contract, leaving a balance of $1,172.13 available to the lienors.

On the trial it was shown that this statement was incorrect in that a payment by the owner to the contractor was entered as $1,000 instead of $2,000.    It was also shown that after the statement had been made the owner expended the sum of $136 for bronzing risers and radiators, part of the contractor's work. This left a corrected balance of $36.13 which defendant owner

claimed was subject to counsel fees and expenses of bonding, although there is no proof as to these items, and they are not pleaded in the answer of the defendant owner. They cannot be allowed without being pleaded or proved.

On these facts, judgment should have been rendered in any event in favor of the plaintiff for thirty-six dollars and thirteen cents.

There is another important point in this case. The appellant contends that the two notes aggregating $1,700 paid by defendant owner should not have been deducted from the amount due under the contract. One of these notes was for $1,000, was indorsed over to the Dimock & Fink Company and paid by defendant owner to that company after plaintiff's lien was filed. The Dimock & Fink Company were also subsequent lienors and this note was in payment of the lien of Dimock & Fink. It was dated December 21, 1922, payable in three months and was paid on March 15, 1923. While it does not appear when this note was delivered to the Dimock & Fink Company it does appear from the record that the lien of the Dimock & Fink Company was filed subsequently to plaintiff's lien. The Dimock & Fink Company did not appear upon the trial of the action.

It is conceded that plaintiff's lien was filed March 3, 1923, and that, on said day, a copy of the lien was, pursuant to statute, served upon the defendant owner. Under the Lien Law an owner is protected as to payments made after liens are filed only when such payments are made in good faith and without knowledge that liens have been filed. (See Lien Law, § 11, as amd. by Laws of 1913, chap. 88.)

In this case the defendant owner not only had constructive notice of the filing of plaintiff's lien, but had actual notice. To credit the defendant owner with this payment without proof that the note had been indorsed and paid to the Dimock & Fink Company before plaintiff's lien was filed would in effect give preference to a subsequent lienor. The Lien Law (§ 23) requires a liberal construction so as to give effect to the beneficial purposes of the statute, but such liberal construction does not permit an interpretation which would in effect nullify the provisions of the statute regarding priority of liens. (See Lien Law, § 13, as amd. by Laws of 1916, chap. 507.)

With reference to the note of $700, it appears that it was dated December 8, 1922, payable in three months and was paid to the contractor Brady on March 8, 1923, five days after plaintiff's lien was filed. The owner, therefore, did not pay the note to a third party.

The defendant owner, when it paid the note to the contractor

Brady, did so with knowledge of plaintiff's claim and lien and in effect paid Brady for the material furnished by the lienor, the material for which the lienor had filed a lien.

If a contractor is permitted to defeat a lien by taking notes in payment for material to be furnished by a materialman, and is to be permitted to receive payment of such notes after a lien has been filed by the materialman, the Lien Law does not give the protection it was intended to give; for it can too readily be evaded.

The transactions referred to above resulted not only in a subsequent lienor being paid by notes given before the work was performed, but in payment for a lienor's material being made to the contractor after a lien therefor was filed. Moreover, in this case, Brady's contract did not provide for payment as the work progressed; and I am not satisfied that the advances made on the contract were made under such circumstances as to protect the owner.

I believe the trial court erred in the credits allowed to the defendant owner and that the amount of the notes should be held available to plaintiff under its lien. For these reasons, the determination appealed from and the judgment and order of the City Court should be reversed and a new trial ordered, with costs to appellant in all courts to abide the event.

FINCH, J., concurs.

Determination affirmed, with costs.