MARGARET CASSINO, Respondent, *v.* JOHN YACEVICH, Appellant, Impleaded with CHARLES COLLINS and ARTHUR COLLINS, Doing Business as CHARLES COLLINS & SONS, and Others, Respondents.

Third Department, April 30, 1941.

*Hun, Parker & Reilly* [*Dermot C. Reilly* of counsel], for the appellant.

*David Rosenfeld,* for the plaintiff, respondent.

*Charles Irving Oliver,* for the respondent Charles Collins & Sons.

*John J. Sweeney,* for the respondents Fenning, Millett, LaJeunesse and Landrigan.

HEFFERNAN, J.   On August 25, 1933, plaintiff, a building contractor, entered into an agreement in writing with appellant, Yacevich, for the construction of a building, consisting of a one-story brick garage with frame living quarters superimposed thereon, on premises owned by the latter in Rensselaer county, N. Y., for the sum of $5,600; an initial payment of $500 to be due on September 2, 1933, and the balance upon completion of the work.

The total payments made by appellant in connection with the performance of the contract amount to $1,960.68.

Plaintiff filed a lien against the premises for the amount claimed to be due as did the other defendants, who are the owners of claims, about which there is no dispute, for labor and materials furnished in connection with the work at the request of plaintiff.

Plaintiff instituted this action to foreclose her lien.   Appellant's defense is that plaintiff has failed to substantially perform her contract.   The issues were referred to an official referee to hear and determine.

The referee found that twenty-two items of plaintiff's work were improperly performed amounting in all to $1,372.07, or slightly over twenty-four and one-half per cent of the entire contract price, and credited appellant with this amount but held him liable for the unpaid balance.   From the judgment appellant has come to this court solely upon a bill of exceptions to rulings upon questions of law and the evidence upon which the decision is based is not included in the record.

Where an appeal is taken only on exceptions to rulings on questions of law, and the evidence is not brought up, our court is without power to reverse any finding of fact or to make a new one.   (*Madison County Trust & Deposit Co.* v. *Smith,* 259 N. Y. 348.)

The referee has found that the plaintiff in good faith intended to perform her contract; that there was no willful or intentional departure therefrom; that she has substantially performed it and that the enumerated defects are not so pervasive and do not constitute such deviation from the general plan of the work, and are not so essential that the object of the parties in making their contract cannot be accomplished.

Plaintiff asserts that on this appeal, in view of the referee's findings, we are precluded from passing on the question of substantial performance.

The rule is well settled that an appellant who seeks to reverse a judgment which is based upon inconsistent findings is entitled to the benefit of those that are most favorable to him. (*Whalen* v. *Stuart*, 194 N. Y. 495.)

The referee's findings in the case before us are not only inconsistent but irreconcilable. He has found that twenty-two items of work pervading the whole job, of a value in excess of twenty-four and one-half per cent of the contract price, were not properly performed. That finding is utterly repugnant to the conclusion that plaintiff in good faith substantially performed her contract. We think that on the record before us the question whether or not there was a substantial performance of the contract is one of law into which we may inquire.

What constitutes substantial performance has been a fruitful source of litigation. Substantial performance is performance except as to unsubstantial omissions with compensation therefor. Where the omission is slight and unintentional, in order to prevent the hardship of a failure to recover even for that which was well done, compensation is substituted *pro tanto* for performance. The rule is that where a builder has in good faith intended to comply with the contract, and has substantially complied with it, although there may be slight defects caused by inadvertence or unintentional omissions, he may recover the contract price, less the damages on account of such defects. (*Spence* v. *Ham*, 163 N. Y. 220; *Woodward* v. *Fuller*, 80 id. 312; *Crouch* v. *Gutmann*, 134 id. 45.) Slight and insignificant imperfections or deviations may be " overlooked on the principle of *de minimis non curat lex* " (*Van Clief* v. *Van Vechten*, 130 N. Y. 571), but the contract in other respects must be performed according to its terms.

In *Anderson* v. *Petereit* (86 Hun, 600) it was held that if a contractor should fail to perform some specific piece of work, which, by his contract he had stipulated to do, the value of which was one-tenth of the contract price, there was not a substantial performance of the agreement.

In *Witt* v. *Gilmour* (172 App. Div. 110) it was held that a building contractor does not substantially perform his contract where the value and expense of his shortcomings and omissions amount to one-tenth of the contract price.

In *D'Amato* v. *Gentile* (54 App. Div. 625; affd., 173 N. Y. 596) the claim of a building contractor whose omissions amounted to almost twenty per cent of the contract price was rejected.

In *Fuchs* v. *Saladino* (133 App. Div. 710) it was held that where the deficiencies of a contractor amounted to nineteen per cent of the whole contract, whether or not they constituted structural defects, precluded a finding of substantial performance.

In *Rochkind* v. *Jacobson* (126 App. Div. 357) it was held as a matter of law that where the contract price was $3,100 and the owner was allowed $314 for work which the contractors did not perform under the contract, there was not a substantial performance.

In *Nees* v. *Weaver* (222 Wis. 492; 269 N. W. 266) the Wisconsin Supreme Court said that the doctrine of substantial performance which allows a recovery on the basis of the contract price less deductions on account of failure of complete performance is inapplicable where one-fourth of the entire contract price would be required to pay for advancing the work to a point where it might be claimed that a substantial performance existed. There the court also said, " substantial performance lacking, it is not necessary to consider whether a good-faith effort to perform was made by respondents."

In *Bowen* v. *Kimbell* (203 Mass. 364; 89 N. E. 542) a finding that a contractor had willfully departed from the specifications in respect to materials used for plaster totally defeated an action for a balance of $9,215 on a $96,500 contract where the defect diminished the value of the building only $800.

In the case at bar the defective items found by the referee and for which he allowed deductions from the contract price were twenty-two in number and ran from the grease pit, below the surface of the ground, to the top of the roof, and were both structural and superficial. Under these circumstances and in view of the rules announced by the courts for the construction of such agreements, we cannot escape the conclusion that plaintiff has not substantially performed her contract. Her claim must be disallowed.

The claim of the other lienors for labor and material can be sustained. The rule is, of course, that where there has been a failure on the part of the contractor to perform a substantial part of the work called for by his contract, and there is no provision in the agreement for the completion thereof by the owner in the event of the failure of the contractor, and no understanding between them that the owner should proceed with the work, and no failure on the part of the owner to perform his obligation under the contract, a subcontractor cannot recover under a mechanic's lien the amount due him from the contractor. (*Smith* v. *Sheltering Arms*, 89 Hun, 70; *Larkin* v. *McMullin*, 120 N. Y. 206; *Hollister* v. *Mott*, 132 id. 18; *Sealy Co., Inc.,* v. *Ards Building Corporation*, 216 App. Div. 313; affd., 244 N. Y. 565.)

That is not the situation in this case. On October 21, 1933, shortly before the completion of the work, appellant placed a mortgage on the property in the sum of $3,000, and by a recital

in such mortgage he stipulated and agreed that the proceeds thereof should constitute a trust fund to be applied to the cost of construction of the building. He paid out of the fund $1,460.68 in satisfaction of a lien filed against the premises for materials. He still has in his possession the balance of that fund amounting to $1,539.32. The claims of the other defendants, who have liens for labor and material performed and furnished at appellant's request, amount to $1,034.73, to which interest should be added from the dates when such claims became due to the date of payment. Appellant not only has a moral obligation, but a legal one as well, to pay those claims out of that fund. It is not disputed that he borrowed the money for that purpose. At the time he made the loan these lienors were furnishing material and labor with his knowledge and consent and he is in no position at this time to assert that the contractor's failure to perform relieves him from the obligation of applying the moneys in his hands in payment of the obligations for which the moneys were obtained.

The judgment appealed from should be modified and reversed on the law as against the appellant and plaintiff's complaint dismissed as to him. In all other respects the judgment in favor of the other defendants should be affirmed, but under the circumstances without costs. Conclusions of law inconsistent herewith are disapproved and annulled and new conclusions of law will be made.

HILL, P. J., CRAPSER, BLISS and SCHENCK, JJ., concur.

Judgment appealed from modified and reversed on the law as against the appellant and plaintiff's complaint dismissed as to him. In all other respects the judgment in favor of the other defendants is affirmed, but under the circumstances without costs. The court hereby disapproves of and annuls conclusions of law Nos. 7, 10, 11, 12 and 13. The court makes the following conclusions of law:

That the defendants John Yacevich, Charles Collins and Arthur Collins, doing business as Charles Collins and Sons, Charles Fenning, Joseph Landrigan, James Millett, Abraham Sacherson, Gabriel LaJeunesse and Michael Pisanelli be and they are hereby barred and foreclosed of all interest, liens, claims and equity in redemption in and to the premises above described, and that the defendants James Millett, Joseph Landrigan, Charles Fenning, Abraham Sacherson, Gabriel LaJeunesse, Charles Collins and Arthur Collins, doing business as Charles Collins and Sons, are entitled to judgment of foreclosure and sale for the satisfaction of their liens, according to the rules and practice of this court, and that said judgment

shall provide that if the proceeds of said sale be insufficient to pay said liens with costs and disbursements in full, then the said proceeds shall be applied first to the payment of costs and disbursements, and the balance applied according to the priorities hereinbefore set forth.