Action to foreclose a mechanic’s lien. Codefendants Mullins, Torre, Sussman and Hudson River Yards Corporation, by way of cross claims, also seek foreclosure of liens. Order modified by striking out the denial of the motion of defendants Alperstein to dismiss, for insufficiency, the complaint and the cross claims of the foregoing codefendants as against them, and by providing in lieu thereof that the motion be granted. As so modified the order, insofar as appealed' from, is affirmed, with $10 costs and disbursements to defendants-appellants. It was incumbent upon the lienors, in order to recover against the owners, to allege performance on the part of the general contractor. (9 Carmody on New York Practice, § 803; Maltby & Sons Co. v. Boland Go., 152 App. Div. 596; Herrmann & Grace v. Hillman, 203 N. Y. 435.) There is no such allegation in any of the pleadings and, on the contrary, it is expressly alleged in the complaint and admitted in the answers of the codefendants, other than Hudson River Yards Corporation, that the general contractor had abandoned the work. In the light of that fact it was incumbent upon the lienors to plead and prove special circumstances which would entitle them to recover as against the owners, irrespective of the abandonment. (Larkin v. McMullin, 120 N. Y. 206; Van Clief v. Van Vechten, 130 N. Y. 571; Hollister v. Mott, 132 N. Y. 18; Sealey Co. v. Ards Bldg. Corp., 216 App. Div. 313; Cassino V. Yacevich, 261 App. Div. 685.) Carswell, Acting P. J., Johnston, Adel, Wenzel and MacCrate, JJ., concur.