474 P.2d 836

**John ECONOMY, dba Economy Building Supplies, Appellant,**

v.

**Jerry FROHME and Irven Graham, Appellees.**

**No. 2 CA–CIV 760.**

Court of Appeals of Arizona, Division 2.

Sept. 28, 1970.

Rehearing Denied Oct. 26, 1970.
Review Denied Dec. 22, 1970.

Gentry, McNulty & Borowiec, by Thomas A. Thode, Bisbee, for appellant.

Polley & Talmadge, by Wes E. Polley, Bisbee, for appellees.

HATHAWAY, Judge.

The appellant, John Economy, sued the appellees Frohme and Graham on two counts; one for $216.05 based on a charge account and the other for labor and materials furnished pursuant to a building contract in the amount of $1,840.00. The cause was tried to a jury, and at the close of the plaintiff's case, the defendants moved for a directed verdict. The motion was granted and judgment was entered for defendants. Plaintiff appeals from that judgment.

The motion for directed verdict was based upon the plaintiff's failure to estab-

lish that he was licensed as a contractor for the performance of the construction at the time of the construction, and on the additional basis that he did not allege and prove full performance of the contractual obligation. Blecick Const. v. School District #18 of Cochise County, 2 Ariz.App. 115, 406 P.2d 750 (1965). Nowhere in the complaint or during the trial has the appellant alleged full performance, and it was admitted at trial that he had not fully performed the contract according to the furnished plans and specifications.

▉▉▉ There likewise has been no allegation of substantial performance. When the omissions are clearly substantial and material, or are intentional and deliberate, a conclusion is required as a matter of law that the contract was not substantially performed. Cassino v. Yacevich, 261 App.Div. 685, 27 N.Y.S.2d 95 (1941). Nor has any evidence been presented to show that economic waste would have resulted from remedying the defects. The burden of doing so was upon the appellant as we stated in Blecick, supra. Failing to sustain his burden of proof and pleading on these points, the trial court correctly granted the motion for a directed verdict to the appellees on Count Two. A verdict for the defendant is properly directed where the evidence is insufficient to sustain a verdict for the plaintiff, and it would be the duty of the court to set aside such verdict if it was rendered. Root v. Fay, 5 Ariz. 19, 43 P. 527 (1896). Robledo v. Kopp, 99 Ariz. 367, 409 P.2d 288 (1965).

The trial court also, however, granted a directed verdict against the appellant as to the entire lawsuit. Count One was on a charge account and Count Two on the construction contract. These counts are not so similar as to construe both of them to be based upon the overall construction project. The appellee Frohme testified to this dissimilarity in the following manner:

"Q. I see. Would you—just to clarify a point in my mind, Mr. Frohme, the charge account—does this charge account where you purchased from Mr. Economy have anything to do with this contract?

A. If I am not being out of order, I would like to say it would be the same proposition as building a garage for the purchase of an automobile. You buy the automobile independently, and you building a garage, and you can put it into it, but they have nothing to do with each other as purchase per se.

Q. I see.

A. As such.

Q. And these are two separate items: One, the charge account, and, one, this building contract, is that not right, Mr. Frohme?

A. Yes. I mean, like, for instance, you will see items on there where there was horse-shoeing equipment bought, which had nothing to do with the construction of a building."

▉▉▉ In determining whether a motion for a directed verdict should be granted, the court must review the evidence and the inferences arising therefrom most strongly in favor of the party opposing the motion. Johnson v. Board of Education, 101 Ariz. 268, 419 P.2d 52 (1966). The testimony appears to be clear that the charge account was a separate item from the construction contract. Incorporation into Count One of the allegation that he was a licensed building contractor did not, necessarily change the theory on which this count is based, and therefore the trial court erred in granting the directed verdict as to this count.

Having considered all questions raised by the parties, and in view of our conclusion concerning Count Two, we deem it unnecessary to discuss the question raised concerning the proof of plaintiff's status as a licensed contractor. The judgment is reveresd as to Count One and affirmed as to Count Two.

HOWARD, C. J., and KRUCKER, J., concur.