■ RACE ELECTRIC CORP., Respondent, v FULTON ASSOCIATES, Appellant, et al., Defendants. — In an action to foreclose a mechanic's lien, defendant Fulton Associates appeals from the judgment of the Supreme Court, Suffolk County (Underwood, J.), dated November 13, 1980, in favor of plaintiff. Judgment modified, on the law and facts, by reducing the amount of the lien from $9,200 to $5,460. As so modified, judgment affirmed, without costs or disbursements. The record discloses that the general contractor ceased work on the subject premises, in April, 1979 upon issuance of a temporary certificate of occupancy. The plaintiff, a subcontractor, filed its mechanic's lien in June, 1979. The owner of the premises at the time of construction, appellant Fulton Associates, subsequently engaged other contractors to work on the subject premises. There is no dispute on this appeal respecting plaintiff's performance under its subcontract and the amount due ($9,200). There is, however, a sharp dispute respecting the amount earned by the general contractor as of February, 1979 and continuing through April, 1979. Special Term ruled that plaintiff was entitled to the full amount of its lien, apparently on the ground that it was filed prior to the expenditure of $9,900 retained by the owner's lending agent to pay those contractors hired after April, 1979. The issue, however, was the extent, if any, to which the post-April, 1979 payments were disbursed in completing performance of the original contract; to that extent they were eliminated from the fund subject to attachment by plaintiff's lien as subcontractor (see *Arrow*

*Iron Works v Greene,* 260 NY 330, 342; *Foshay v Robinson,* 137 NY 134, 136-137; *Van Clief v Van Vechten,* 130 NY 571, 577, 580-581; *Albert J. Bunce, Ltd. v Fahey,* 73 AD2d 632; *Sealey Co. v Ards Bldg. Corp.,* 216 App Div 313, 316, affd 244 NY 565). A review of the testimony and the documents in the record, particularly the last requisition form submitted by the general contractor to the lending agent, leads us to find that $4,440 of those expenditures (i.e., $4,000 for landscaping and $440 for fencing) were properly allocable to completion of the original contract. Therefore the $9,900 retained by the lending agent pending completion of the contract was reduced to $5,460, and that sum is the fund to which plaintiff's lien attached. Plaintiff's judgment must be reduced accordingly. Mangano, J.P., O'Connor, Weinstein and Bracken, JJ., concur.