**FENSKE PRINTING, INC., Plaintiff and Appellant,**

v.

**James E. BRINKMAN, individually and as Director of Purchasing and Printing, Bureau of Administration, Office of Executive Management of the State of South Dakota, Defendant and Appellee.**

**No. 14351.**

Supreme Court of South Dakota.

Considered on Briefs March 23, 1984.

Decided May 23, 1984.

George A. Bangs of Bangs, McCullen, Butler, Foye & Simmons, Rapid City, for plaintiff and appellant.

Grant E. Gormley, Chief Deputy Atty. Gen., Pierre, for defendant and appellee; Mark V. Meierhenry, Atty. Gen., Pierre, on brief.

DUNN, Justice.

Appellant brought an action for a writ of mandamus to require the Director of Purchasing and Printing for the State of South Dakota's Bureau of Administration (Director) to accept appellant's bid proposal to print and bind the proceedings of the State Legislature. Appellant appeals from the trial court's order dismissing its application for a writ of mandamus. We affirm.

Director made an invitation for bids for several items of legislative printing work. The general specifications required bidders to submit samples of the paper stock for testing purposes. The specifications for one of the items in the proposal stated that the colors for the paper were to be "Goldenrod" and "Blue." The specification for the paper stock for this printing job also required each bidder to submit a sample of fifty pound weight paper with its bid, or the bid would automatically be rejected.

Appellant submitted a bid that complied with every detail of the State's invitation for bids.

State Publishing also submitted a bid with a price that was lower than appellant's. State Publishing's bid included a fifty pound weight sample of goldenrod colored paper and a seventy pound weight sample of blue paper. The blue paper included the notation: "This color but 50 pound weight." State Publishing's bid was accepted by the Director.

Appellant contends that because State Publishing failed to submit two samples of fifty pound weight paper, one blue and one goldenrod, it did not comply with the bid specifications and the Director could not accept State Publishing's bid.

■ In a contract in which the state purchases items, one of the requirements is that "[e]very bid shall be in accordance with the schedules and specifications [of the Bureau of Administration]." SDCL 5–23–9; *see also* SDCL 5–23–33. Bids are not held to an inflexible standard, however.

It is a general rule that the bid of one proposing to contract for the doing of a public work must, in order to secure the contract, respond or conform substantially to the advertised terms, plans, and specifications. After bids have been received and opened, no material change can be made in any bid which may be more favorable to the successful bidder and is in variance with the specifications. *Coller v. City of Saint Paul*, 223 Minn. 376, 26 N.W.2d 835 (1947); 64 Am.Jur.2d Public Works and Contracts §§ 58, 59 (1972). The test of whether a variance between a bid and a specification is material is whether it gives one bidder a substantial advantage or benefit not enjoyed by the other bidders. *Duffy v. Village of Princeton* [240 Minn. 9, 60 N.W.2d 27 (1953) ], *supra*.

*Gridley v. Engelhart*, 322 N.W.2d 3, 8 (S.D.1982). If State Publishing's bid "substantially complied" with the specifications it was a valid bid that could be accepted by the Director. *See* 1A C. Antieu, Municipal Corporations § 10.45 (1984); 10 E. McQuil-

len, The Law of Municipal Corporations § 29.65 (3rd ed., 1981 rev. vol.); 64 Am. Jur.2d, *Public Works and Contracts* § 58 (1972); 72 C.J.S.Supp., *Public Contracts* § 13 (1975).

■ Viewed as a whole, State Publishing's bid substantially complied with the specifications because it included samples of the two specified colors and a sample of the specified weight of paper. *Cf. Coller v. St. Paul, supra,* (bidder's proposal interpreted as having been made according to its own specifications and not according to city's specifications); *Maryland Pavement Co. v. Mahool*, 110 Md. 397, 72 A. 833 (1909) (bidder failed to submit a sample of granite block). Appellant has completely failed to show how the form of State Publishing's bid prevented the Director from conducting any tests or how the bid gave State Publishing any advantage or benefit over other bidders. *Gridley v. Engelhart, supra*. If State Publishing's bid varied from the specifications, it was a trivial variance.

■ Because State Publishing submitted a valid bid, the Director had the authority to accept it, and appellant was not entitled to any mandamus relief requiring acceptance of its bid. The trial court's order dismissing appellant's application is affirmed.

FOSHEIM, C.J., and WOLLMAN and MORGAN, JJ., concur.

HENDERSON, J., concurring specially.

HENDERSON, Justice (specially concurring).

I specially concur to say that the samples submitted by State Publishing did comply with the specification requirement and were subject to testing as to color *and* weight. Therefore, I perceive no undue advantage that has been taken of appellant.

Any noncompliance here was, at most, minimal. "Slight and insignificant imperfections or deviations may be 'overlooked, on the principle of de minimis non curat

lex,' " *Cassino v. Yacevich*, 261 App.Div. 685, 687, 27 N.Y.S.2d 95, 98 (1941), "which means that the law will not concern itself with trifles." *Yeakel v. Driscoll*, —— Pa. Super. ——, ——, 467 A.2d 1342, 1344 (1983).