**STATE of South Dakota, Plaintiff and Appellee,**

v.

**Clifford McCANN, Defendant and Appellant.**

**No. 14379.**

Supreme Court of South Dakota.

Considered on Briefs March 20, 1984.

Decided Sept. 5, 1984.

Thomas Harmon, Asst. Atty. Gen., Pierre, for plaintiff and appellee; Mark V. Meierhenry, Atty. Gen., Pierre, on brief.

Max A. Gors of Gors & Braun, Pierre, for defendant and appellant.

HENDERSON, Justice.

This is an appeal from an order of the Circuit Court, Sixth Judicial Circuit, dated September 27, 1983, affirming a judgment and sentence for littering issued by the Magistrate Court, July 18, 1983. Appellant was sentenced to ten days in jail and fined $38.00 plus law enforcement training fund costs of $12.00. The circuit court suspended the jail sentence, but affirmed the fine. We reverse.

On July 7, 1983, Officer Bob Prieksat, using a spotting scope, observed Clifford McCann pick up a can from a fishing dock, shake it, and throw it in the rocks. He was not observed drinking from the can or holding it prior to the time he picked it up. The can proved to be an "A & W Root Beer" can. The arresting officer observed an "A & W Root Beer" can on the backseat of appellant's vehicle. At trial, appellant's wife testified appellant could not drink soda pop because it contains caffeine, yet, on cross-examination, she testified he drank coffee. However, appellant indicated he only drank decaffeinated coffee. Appellant's wife also testified that any pop cans in the car would have been from her consumption. A citation was issued for littering pursuant to SDCL 34A–7–6 [1] (this state's anti-littering statute), and a trial was held to the magistrate court.

McCann pleaded "not guilty," alleging the can was on the dock before he arrived and that he merely moved it because it was in his way and hindered his fishing. Nevertheless, the law-trained magistrate found him guilty of the offense of littering, citing as a basis "that there is not an element of the offense regarding the origin of the litter, and I think the way the law reads, *it is, in fact an offense to rearrange litter or to throw debris or garbage of any type, regardless of the origin, back onto the land.*" (Emphasis supplied mine.)

The circuit court, on appeal, affirmed the conviction, finding

> that there was sufficient evidence to find that the defendant, by taking possession of the can and then throwing it down into the rocks, was sufficient action to violate SDCL 34A–7–6. Once Mr. McCann picked up the can, the same was in his possession, and by throwing it down onto the rocks, he has in fact violated the statute.

1. SDCL 34A–7–6 provides:

No person shall dump, deposit, drop, throw, discard, leave, cause or permit the dumping, depositing, dropping, throwing, discarding or leaving of litter upon any public or private property in this state, or upon or into any river, lake, pond, or other stream or body of water in this state, unless:

Subsections (1) through (5) not applicable.

McCann submits his act in moving the pop can falls within the doctrine of de minimis non curat lex. "The law does not care for, or take notice of, very small or trifling matters." Black's Law Dictionary 482 (Rev. 4th ed. 1968). *See Fenske Printing v. Brinkman,* 349 N.W.2d 47, 48 (S.D. 1984) (Henderson, J., specially concurring). We are inclined to agree. As in the case of *People v. Feldman,* 73 Misc.2d 824, 342 N.Y.S.2d 956 (1973), wherein defendant was charged with littering for dropping two expended matches on the sidewalk, we conclude "the [present] charge is based on acts too trifling to warrant judicial condemnation." *Id.,* 342 N.Y.S.2d at 962. We hold that the magistrate and circuit courts erred in convicting McCann of rearranging litter. There was insufficient evidence, as a matter of law, to establish a substantive crime. Were we to follow the State's advocacy to a logical conclusion, sundry traditional activity, altogether innocent in nature, would become criminal. This we cannot countenance. We hold that the purpose of the law is to prevent littering—not to require innocent parties who did not originate the litter, at criminal peril, to clean up the litter. We therefore reverse the conviction.

DUNN and MORGAN, JJ., concur.

FOSHEIM, C.J., and WOLLMAN, J., dissent.

FOSHEIM, Chief Justice (dissenting).

I do not agree with the majority opinion because the magistrate did not convict McCann for "rearranging existing litter," but for "throwing litter" as prohibited by SDCL 34A-7-6.

Contrary to McCann's position, the magistrate refused to read an additional provision into the statute dealing with the initiation of litter. The statute is clear that the crime of littering involves the act of discarding, throwing, etc., litter—without concern as to its origin. Littering and polluting on public lands is not a trivial matter, no matter what the degree.

Upon review of the magistrate's decision, the circuit court found sufficient evidence to sustain the determination that SDCL 34A-7-6 had been violated. The facts are undisputed that McCann threw litter upon public land and thus breached the statute. Our review of these matters is limited to determining whether the court below was clearly erroneous, and this I cannot do. I would, therefore, affirm the conviction.

WOLLMAN, Justice (dissenting).

As indicated in the majority opinion, in affirming the conviction the circuit court held that there was sufficient evidence to find that defendant had taken possession of the can and had then disposed of it in a manner that constituted a violation of SDCL 34A-7-6. Given the circumstances of the case, I agree that defendant violated the statute. I would not hold, however, that the origin of litter is always irrelevant in determining whether one is guilty of violating the statute. SDCL 34A-7-6 provides in pertinent part:

No person shall dump, deposit, drop, throw, discard, leave, cause or permit the dumping, depositing, dropping, throwing, discarding or leaving of litter upon any public or private property in this state, or upon or into any river, lake, pond, or other stream or body of water in this state[.]

In the light of the purpose of this statute, which is to prevent the fouling of our public and private lands and waters, one can take action vis-a-vis existing litter that while literally constituting an act in violation of the statute, would not fall within those acts sought to be proscribed by the statute. For example, the statute makes it unlawful to leave litter upon any public or private property or body of water, but unless we are willing to hold that the statute imposes an affirmative duty upon one who chances upon existing litter to transport it to an appropriate waste receptacle, I hardly think that it could be contended that defendant would have been guilty of violating SDCL 34A-7-6 had he merely suffered the can to remain where he found it. Likewise, most of us who have from time to time fished in the lakes and streams of this

state have found it necessary to police the shoreline area by collecting litter left behind by others and then placing it in a waste receptacle, or, if one is not available, in a non-hazardous location (indeed, no doubt many of us have from time to time hauled home sacks of litter). Assuming that no waste receptacle is available in the area, is one who collects the litter in his immediate fishing area and then places it in a non-hazardous position guilty of violating the statute? I would hold not.

To hold that one who leaves undisturbed or who collects and then leaves in a non-hazardous location litter left by third parties is not guilty of violating SDCL 34A–7–6 does not foreclose an interpretation of that statute that would render defendant's conduct unlawful. Defendant testified that he moved the can from where it was sitting because it interfered with his physical movement in attending to his fishing line and because it reflected into his eyes the light from his lantern. Had defendant merely moved the can to a location no more physically or aesthetically offensive vis-a-vis the general public than it was in its original location, we would be hard-pressed to hold that he was guilty of violating the statute. By throwing the can onto the rocks, however, defendant did more than to, in his words, merely "rearrange the existing litter." Rather than to take what in effect might have constituted defensive action with respect to the existing litter, he took it upon himself to compound the harm caused by the previous litterer. By so do-

ing, he committed an act that to a person of average understanding would be deemed prohibited by the statute.

I agree wholeheartedly with Chief Justice Fosheim that defendant's act in throwing the empty can onto the rocks was not a small or trifling matter. If throwing one can onto the rocks is legally de minimus, what about two? Would smashing one glass bottle on the rocks constitute a violation of SDCL 34A–7–6? Are our conservation officers to be restricted to passively observing those who litter little? There may indeed be technical violations of SDCL 34A–7–6 that are so minor that, like the fifty-eight-mile-per-hour driver, they warrant only a warning or a resigned shrug of the shoulders on the part of law enforcement officers. A burnt match or a frayed toothpick is not to be equated with an aluminum can or a glass bottle, however, and the majority opinion makes a serious error in treating so lightly an act that manifests a contempt for one's fellow citizens and a blatant disregard for the safeness and attractiveness of our public recreational areas.

I would affirm the judgment of conviction.